20421.   NEVIL *v.* MOBLEY, superintendent of banks.

DECIDED MAY 14, 1930.

*W. G. Neville, Anderson & Jones,* for plaintiff in error.

*Hinton Booth, Orville A. Park,* contra.

LUKE, J.   Farmers State Bank, of Register, Ga., was capitalized at $15,000, and its capital stock was all paid in.   Some time during the month of November, 1926, the State banking department took over the affairs of the bank, and on February 9, 1927, an assessment of 100 per cent. was levied against the stockholders.   Seven of the ten stockholders paid their assessments in full.   Three, including S. L. Nevil, plaintiff in error, failed to pay their assessments.   Nevil held eight shares of stock.   When the assessment execution was levied on certain property of Nevil, he filed an affidavit of illegality containing the following grounds:

1.   Said bank was solvent, and no assessment against affiant was necessary in order to pay off the depositors.

2.   "It was not necessary to assess against said affiant the full liability of his stock for the purpose of paying such liabilities of said bank as under the law such assessments may be made for."

3.   "The State superintendent of banks did not make a careful estimate of the value of the cash assets of the said bank which could have been reduced and converted into cash within one year from the date of the taking over of said bank by the superintendent of banks  .  .  ,  and of the amount of such cash assets  .  .  available to pay depositors."

4.   "It is not necessary to assess any stockholder in said bank to pay depositors, and for the purpose of paying depositors  .  .  it is not necessary to collect the whole amount of said execution or any part thereof."

The affidavit of illegality was filed on September 7, 1927, but the case was not tried until the October term of the court, 1929. During the pendency of the affidavit of illegality all of the debts of the bank were paid, and the bank's assets in the hands of the superintendent of banks was turned back to the stockholders.   The stockholders who paid their assessments were permitted to intervene in order to have the proceeds of the assessment against Nevil pro rated among themselves and Nevil.   On October 30, 1929, the jury returned a verdict against the affidavit of illegality, and the court rendered a judgment ordering the levy to proceed.   The exception here is to the judgment overruling Nevil's motion for a new trial, based upon the general and several special grounds.   On

December 4, 1926, a committee composed of three directors and two other persons appraised the affairs of the bank and reported its total assets to be $58,378.18. An auditor testified that the total assets of the bank, after deducting worthless assets, were $55,-606.79; that the total liabilities of the bank, with the exception of capital stock, were $44,227.17; and that, "based on the appraised value of the assets, the bank was not insolvent." There was evidence that several items listed as assets were worth far less than the value attributed to them by the appraisers and the auditor, and that practically no cash was turned back to the stockholders by the superintendent of banks. There was also evidence from which it could be fairly concluded that due diligence was used to collect the assets of the bank, and that the assets turned back to the stockholders by the superintendent of banks were of very little value. There was testimony that the money realized from the bank's assets was sufficient to pay all preferred claims and all expenses, and that the money collected from the stockholders was not used for either of these purposes. There was also testimony from which the jury were warranted in concluding that the bank's affairs could not have been liquidated within one year from the time the bank was taken over by the superintendent of banks without the money procured by the assessments against the stockholders.

Our conclusion is that the evidence warranted the verdict, and that the court did not err in overruling the general grounds of the motion for a new trial. None of the special grounds discloses reversible error or warrants detailed discussion.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*